AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
## WESTERN DISTRICT OF KENTUCKY

'11 JUL 19 A11:14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| | ) | Case No. 5:11MJ-228-K |
| | ) | |
| TIMOTHY HANSEN | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state the following is true to the best of my knowledge and belief.

On or about and between October 1, 2010 and December 1, 2010, in the county of Christian in the Western District of Kentucky, the defendant violated 18 U.S.C. § 2252A(a)(2)(A), an offense described as follows:

The defendant knowingly received or distributed any child pornography, as defined in 18 U.S.C. § 2256 that had been shipped or transported in or affecting interstate for foreign commerce by any means, including by computer.

This criminal complaint is based on these facts:

XX☐   Continued on the attached sheet: Affidavit In Support of a Criminal Complaint

*Donald A. Wood*
Complainant's signature

Donald A. Wood   SA/FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: July 19, 2011

Judge's Signature

City and State: Paducah, Kentucky

W. David King, U.S.M.J
Printed Name and Title

JEL/DS(AUSA initials)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

'11 JUL 19 AM 11:14

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Donald A. Wood, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent of the Federal Bureau of Investigation (FBI). I have been a Special Agent (SA) for over eight years. I am currently assigned to the Louisville Division, Hopkinsville Resident Agency. My assigned responsibilities include investigations of violations of Federal child exploitation laws, including the online sexual exploitation of children, in violation of Title 18, United States Code, Section 2252A (a)(2)(A), which criminalizes the receipt and distribution of child pornography. I have previously made arrests and conducted searches pertaining to these types of investigations.

2. Since this affidavit is being submitted for the limited use of securing an Arrest Warrant, I have not included each and every fact known to me concerning this investigation. The statements contained in this affidavit are based, in part, on information provided by other law enforcement officers, investigation by me and on my experience and background as a Special Agent of the FBI.

3. I have set forth below the facts that I believe are necessary to establish probable cause to believe that TIMOTHY HANSEN, born XXX XX, 1986, has violated Title 18, United States Code, Section 2252A:

## DEFINITIONS

4. "Child Pornography" as used in this affidavit, includes the definition in Title 18, United States Code, Section 2256, as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (see 18 U.S.C. Section 2252).

5. The term "computer", as used herein, is defined pursuant to Title 18, United States Code, Section 1030(c)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

6. "IP address" refers to a unique number used by a computer to access the Internet. IP addresses can be dynamic, meaning the Internet Service Provider (ISP) assigns a different unique number to a computer every time it accesses the Internet. IP addresses might be static whereby the user's ISP assigns his computer a unique IP address and that same number is used by the user every time his computer accesses the Internet.



<pre>

</pre>

7.   "Peer-to-peer" file sharing refers to a method of communication available to Internet users through the use of special software, available for free on the Internet. The software is designed to allow users to trade digital files through a worldwide network that is formed by linking computers together. Once the software is installed on a computer, the user is directed to specify a "shared" folder.  All files placed in that user's "shared" folder are available to anyone on the world wide network for download.

8.   "Internet", as used herein, is a global network of computers and other electronic devices that communicate with each other via standard telephone lines, high-speed telecommunications links (e.g., fiber optic cable), and wireless transmissions. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## FACTS AND CIRCUMSTANCES

9. On December 1, 2010, Special Agent Barry Crouch of the FBI in Rochester, New York, accessed GigaTribe, a peer-to-peer file sharing program that allows users to create their own private network of contacts. To use GigaTribe, a user only has to download the free program and then select the folder(s) on his/her computer he/she wants to share.



10. While searching through the GigaTribe network, SA Crouch observed an individual utilizing the username "Hydes420" was present. SA Crouch proceeded to browse Hydes420's shared directories and observed files containing child pornography. Hydes420 was sharing a folder titled "baby" that contained 20 files, 7.6 MB of data. SA Crouch downloaded multiple files from the folder and many of these contained child pornography.

11. The IP address utilized by Hydes420 was identified by SA Crouch as 68.52.17.26. A subpoena was subsequently served upon Comcast Cable Communications to seek the identity of the person who was assigned that IP address on December 1, 2010. Pursuant to the subpoena, Comcast Cable Communications advised SA Crouch, during the relevant time period, the IP address was assigned to TIMOTHY HANSEN, 2989 Indiana Avenue, Room 109A, Fort Campbell, Kentucky.

12. Your affiant was advised of this information in January 2011. As it appeared the relevant address was a soldier's barracks at Fort Campbell, the information was disseminated to the U.S. Army, Criminal Investigation Division (CID) at Fort Campbell on February 14, 2011. CID then became the primary investigative agency.

13. Special Agent Melissa Taggart of CID interviewed TIMOTHY HANSEN on February 15, 2011, at CID's office at Fort Campbell. HANSEN was identified as an active-duty solider assigned to the 5th Special Forces Group. HANSEN advised he had downloaded child

- 4 -

pornography via the relevant Comcast account. HANSEN further advised he has been downloading child pornography, primarily depicting children between 7 and 17 years of age, since he was 14 years old. HANSEN further advised he currently possessed approximately 100 megabytes of child pornography on his personal computers at Fort Campbell. He described to SA Taggart his method for sharing child pornography via the internet, including the use of an internet relay channel.

14. HANSEN advised Taggart after he returned to Fort Campbell in October 2010, from a deployment, he searched for and downloaded child pornography "every other night". HANSEN also kept his peer to peer folder, containing child pornography, open almost all the time so other people could access child pornographic files.

15. HANSEN acknowledged to Taggart he knew what he was doing was illegal and he obtained child pornography for sexual gratification.

Based upon the above information, your affiant believes there is probable cause to believe TIMOTHY HANSEN has violated Title 18, United States Code, Section 2252A.

Donald A. Wood
Special Agent
Federal Bureau of Investigation
Hopkinsville Resident Agency

Subscribed and sworn to before me this __19TH__ day of __July__, 2011.

_____
W. David King
United States Magistrate Judge